UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRADY VERNARD HUDSON,

                Petitioner,                    Case No. 1:12-cv-698

v.                                      Honorable Robert Holmes Bell

CARMEN D. PALMER,

                Respondent.
_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

I.    Factual allegations

Petitioner Grady Hudson presently is incarcerated at the Michigan Reformatory.  On January 5, 2009, Petitioner pleaded guilty to one count of first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), and no contest to one count of assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, and to being a fourth felony offender, MICH. COMP. LAWS § 769.12.  Plaintiff contends that his plea was entered pursuant to a *Cobbs*[1] agreement to concurrent prison terms of 10 to 40 years.  On January 27, 2009, in accordance with the *Cobbs* agreement, the Oakland County Circuit Court sentenced him to concurrent terms of 10 to 40 years' imprisonment on the offenses.  On September 8, 2009, a second sentencing hearing was held, following discovery of an error in the calculation of the sentencing guidelines that resulted in a lower minimum sentence.  Petitioner argued that, since the original *Cobbs* agreement was based on inaccurate information, the new lower guidelines should be applied to the new sentence or he should be allowed to withdraw his plea.  Following the second sentencing hearing, the court again sentenced Petitioner to 10 to 40 years' imprisonment.

Petitioner was assigned counsel on appeal, who ultimately failed to perfect the appeal within the statutory period.  On June 6, 2011, after Petitioner complained to the Michigan Appellate Assigned Counsel System, the trial court ordered appointment of a new attorney.  On August 24, 2011, newly appointed counsel filed an appeal raising a single claim:

> Whether Defendant is entitled to withdraw his plea where the information relied upon [by] the trial court in determining a sentencing (*Cobbs*) evaluation was inaccurate.

---

[1] *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993).

(Attach. 1 to Pet., docket #1-1, Page ID#18.)  Petitioner allegedly inquired of counsel whether counsel intended to add a claim of ineffective assistance of trial counsel.  However, on October 14, 2011, before the time expired for filing a pro per supplemental brief on appeal, the court of appeals denied the application for leave to appeal for lack of merit.  (*Id.*)  Petitioner sought leave to appeal to the Michigan Supreme Court, raising the claim presented to the Michigan Court of Appeals and a new claim:

> PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, WHERE HIS ATTORNEY FAILED TO GIVE PROPER ADVICE AND COERCED HIS CLIENT TO PLEAD GUILTY ON INACCURATE INFORMATION, IN VIOLATION OF MR. HUDSON'S RIGHT TO DUE PROCESS OF LAW AND THE EFFECTIVE ASSISTANCE OF COUNSEL.  U.S. CONST. AMENDS. V, VI, XIV

(Pet., docket #1, Page ID#3.)  Petitioner filed a motion to add the second issue and a motion to remand for consideration of that issue.  On March 5, 2012, the supreme court granted Petitioner's motion to add an additional issue but denied the motion to remand.  The court denied leave to appeal because it was not persuaded that the questions presented should be reviewed by the court.  (*Id.*, Page ID#11.)

In his habeas application, Petitioner raises both issues presented to the Michigan Supreme Court.

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77

-3-

(1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). According to the petition, Petitioner presented his first habeas ground on direct appeal to both the court of appeals and supreme court. That claim therefore appears exhausted. However, according to his petition and supporting documents, Petitioner presented his second ground for relief for the first time in his application for leave to appeal to the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See, e.g., Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007). Unless the state supreme court actually grants leave to appeal and

-4-

reviews the issue, it remains unexhausted in the state courts. *See Castille*, 489 U.S. at 351. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on March 5, 2012.  Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).  *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on Monday, June 4, 2012.  Accordingly, absent tolling, Petitioner would have one year, or until June 4, 2013, in which to file his habeas petition.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies.  *Palmer*, 276 F.3d at 721; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).[2]  Petitioner has far more than sixty days remaining in his limitations period.  Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations.  Therefore a stay of these proceedings is not warranted.  Should Petitioner decide not to pursue his unexhausted claims in the

---

[2]The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2).

-6-

state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

### Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated: <u>July 31, 2012</u>                          /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE

-8-